*Stewart v. State*, No. 643-10-16 Wncv (Teachout, J., Aug. 7, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 643-10-16 Wncv** |

**DEBRA STEWART**
    **Plaintiff**

    **v.**

**STATE OF VERMONT, AGENCY OF HUMAN SERVICES, et al.**
    **Defendants**

### DECISION
### State Defendants' Motion to Dismiss

Plaintiff Debra Stewart has sued the State, numerous agents of the State, and one of its insurers for claims arising out of property damage and personal injuries allegedly caused by a foster child while in her care. The named defendants include the Agency of Human Services (AHS), the Department of Children and Families (DCF), former AHS Secretary Douglas Racine, former DCF Commissioner Dave Yacovone, Heather McLain (a DCF employee), "Unknown DCF Employees" (collectively, the State Defendants or the State), and the Princeton Excess and Surplus Lines Insurance Company. The current or former State employees were sued in their personal and official capacities.

In this motion the State Defendants sought dismissal of all claims affecting them. Any claims against Princeton are not currently at issue.

Plaintiff's counsel has conceded that former AHS Secretary Douglas Racine and former DCF Commissioner Dave Yacovone are entitled to absolute immunity, and that all claims against remaining Defendants are against them in their official capacity, which means that all such claims are against the State of Vermont.

The State moves for dismissal for failure state a claim upon which relief can be granted as to all claims against the State. In the complaint, Plaintiff alleges that Princeton provides coverage when foster parents claim property damages caused by foster children.[1] She alleges that she was insufficiently compensated for claims arising from damage to personal property and damages for physical injuries alleged to have been caused by a foster child placed in her care by the State. The policy provides $20,000 per occurrence, in total, or Ms. Stewart's claim was so limited for some other reason. Presumably, her claimed damages exceed $20,000.[2]

---

[1] The court is unable to infer from the complaint whether Plaintiff's claim is a first or third party claim vis-à-vis the insurer.

[2] The complaint includes general allegations of property damage, physical and emotional injuries from violent behavior, and medical bills. It does not specify a total claimed value and how much remains uncompensated. It does

Five claims in the complaint affect the State:

(count 1) negligence in handling the claim;
(count 2) breach of contract or the implied duty of good faith and fair dealing in failing to pay damages;
(count 4) express and/or implied indemnity;
(count 5) negligence in placement and supervision of the foster child; and
(count 6) breach of contract or the implied duty of good faith and fair dealing in placing and supervising the foster child.

She purports to seek "damages in an amount in excess of the jurisdictional limits of this Court."

The State seeks dismissal of all of these claims.[3]  It argues that counts 1, 2, and 4 are insufficiently pleaded or otherwise fail to state a claim; that count 5 is outside the statute of limitations and moreover that the State has sovereign immunity because the claim is directed at a discretionary function and the State had no duty in any event; and that count 6 is insufficiently pleaded, fails to state a claim, is outside the statute of limitations, and the State has sovereign immunity because the claim is directed at a discretionary function.

*Count 1—negligence in handling the claim*

In count 1, Ms. Stewart asserts that Defendant McLain helped her submit her claim to Princeton.  She claims that Ms. McClain did some unspecified thing wrong, or negligently, in the process which caused Princeton to treat what should have been multiple occurrences under the policy as a single occurrence, ostensibly limiting the coverage that should have been available.

Insurers (not claimants) generally make such determinations in the first instance depending on the facts and how they interpret the policy language.  In any event, the claim is for negligence and no negligence is described, only a result—one occurrence under the policy rather than multiple occurrences.  Ms. Stewart's claim appears to be an objection to Princeton's coverage determination rather than anything Ms. McClain did.  To the extent that Ms. Stewart might have claimed that Ms. McLain may have played some sort of adjustment role, the court notes that "adjusters engaged by insurers are not liable to insureds for economic losses stemming from allegedly negligent claims investigations." *Hamill v. Pawtucket Mut. Ins. Co.*, 2005 VT 133, ¶ 12, 179 Vt. 250.

In her opposition, Ms. Stewart argues that this claim is predicated on Restatement (Second) of Torts § 323 (Negligent Performance of Undertaking to Render Services) and Restatement (Third) of Torts: Phys. & Emot. Harm § 43 (Duty to Third Parties Based on Undertaking to Another).  Those provisions address risks of physical harm in specialized circumstances.  There is no allegation that Ms. McLain caused any physical injury to anyone while assisting Ms. Stewart with her claim for compensation through insurance.

---

assert that Princeton treated her claim as a single occurrence with a $20,000 coverage limit.

[3] Ms. Stewart submitted some evidence in opposition to dismissal to which the State objected. The court has disregarded that evidence in relation to the State's Rule 12(b)(6) arguments.

The State is entitled to dismissal of this claim.
*Count 2—breach of contract for failure to pay damages*

In count 2, Ms. Stewart asserts that she and Ms. McLain "agreed" that the State would pay all of her damages that were not covered by Princeton. Without describing any contract, Ms. Stewart claims breach of contract or breach of the implied covenant of good faith and fair dealing because the State, in fact, did not pay those damages.

This claim is insufficiently pleaded. The allegations give the court no basis for any inference that there may have been a contract. It appears to describe at most a gratuitous promise or a mere expectation of a result that did not come to pass. Without a contract, there is no covenant of good faith and fair dealing to breach. *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶ 54 n.5, 179 Vt. 167.

The State is entitled to dismissal of this claim.

*Count 4—express or implied indemnity*

In count 4, Ms. Stewart claims that the foster child is either expressly or impliedly entitled to indemnity from the State and this results in the State's liability to her.

However, as the Vermont Supreme Court has explained:

> The right to indemnity, which is an exception to our longstanding rule barring contribution among joint tortfeasors, exists only when one party has expressly agreed to indemnify another, or when the circumstances are such that the law will imply such an undertaking. Because of the rule against contribution among joint tortfeasors and the fact that *indemnification shifts the entire loss from one party to another*, one who has taken an active part in negligently injuring another is not entitled to indemnification from a second tortfeasor who also negligently caused the injury. Rather, indemnification accrues "to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another." Generally, indemnity will be imputed only when equitable considerations concerning the nature of the parties' obligations to one another or the significant difference in the kind or quality of their conduct demonstrate that it is fair to shift the entire loss occasioned by the injury from one party to another.

> While it is difficult to state a general rule that will cover all cases, implied indemnification is usually appropriate only when the indemnitee is vicariously or secondarily liable to a third person because of some legal relationship with that person or because of the indemnitee's failure to discover a dangerous condition caused by the act of the indemnitor, who is primarily responsible for the condition.

*White v. Quechee Lakes Landowners' Ass'n, Inc.*, 170 Vt. 25, 28–29 (1999) (emphasis added;

3

citations and footnotes omitted).

Indemnification shifts responsibility from one tortfeasor to another. It does not establish either tortfeasor's liability to the tort-plaintiff in the first instance, which is what Ms. Stewart seeks.

The State is entitled to dismissal of this claim.

*Counts 5 and 6--statute of limitations*

In counts 5 and 6, Ms. Stewart seeks to establish direct liability against the State for personal injury and property damages caused by her foster child. Count 5 is framed as negligence; count 6 as breach of contract. The State argues that these claims were filed outside the statute of limitations. See 12 V.S.A. § 512(4), (5) (3-year limitations period applies to injuries to persons or personal property).

The State's argument depends on one critical fact and one critical inference. The fact is that the foster child was removed from Ms. Stewart's household in June 2013. This case was filed in October 2016. The inference is that her claims could not have accrued any later than the date the child was removed from the household. Ms. Stewart argues that the discovery rule prolonged the dates of accrual.

The  fact of the date of removal does not appear in the complaint. The complaint includes no dates to explain when anything happened. The timeline relied upon by the State appears in the State's briefing only. However, limitations periods are not jurisdictional. They "must be pled as an affirmative defense. Otherwise, the defense is waived." *Lillicrap v. Martin*, 156 Vt. 165, 170 (1989) (citation omitted). They may be addressed pursuant to Rule 12(b)(6). *Bethel v. Mount Anthony Union High Sch. Dist.*, 173 Vt. 633, 634 (2002). In evaluating a claim in a complaint under Rule 12(b)(6), however, the court does not consider matters outside the pleadings. Thus, the timing of the events of this case for purposes of analyzing the effect of the statute of limitations is not currently before the court.

*Count 5—negligence in placement and supervision of the foster child*

Count 5 is fairly read to assert that the State was negligent in (a) placing the foster child in Ms. Stewart's household, (b) supervising the child while in Ms. Stewart's household, and (c) failing to warn Ms. Stewart that the child had a propensity toward violence and destruction. The State seeks dismissal of the placement and supervision claims, arguing that there was no duty and sovereign immunity precludes the claim due to the discretionary function exception. The State does not address the failure to warn claim.

The law does not recognize any legal duty that would support the negligent placement and supervision claims as alleged. See *Earle v. State*, 2006 VT 92, ¶ 13, 180 Vt. 284 (noting that *Sorge v. State*, 171 Vt. 171 (2000) controls a negligent placement claim), *Sorge*, 171 Vt. at 175–81 (State has no duty to control juvenile placed with a family (a supervision claim)).

The State did not address Ms. Stewart's failure to warn claim and the court declines to

4

dismiss it for that reason.

The existence of a duty is the first step of the inquiry leading to an assessment of the State's assertion of sovereign immunity based on the discretionary function exception to the waiver. *Sorge*, 171 Vt. at 174 ("In a negligence case, neither the issues of proximate cause nor the [sovereign] immunity defenses become germane until it has been established that a defendant owes to a plaintiff a duty of care that has been breached." (quoting *Fox v. Custis*, 372 S.E.2d 373, 375 (Va. 1988)).

The negligent placement and supervision claims are dismissed. The failure to warn claim is not.

*Count 6—breach of contract in placement or supervision of the foster child*

Ms. Stewart frames her count 5 negligence claim as one based on contract under count 6. Count 6 is insufficiently pleaded. Ms. Stewart superficially asserts that there was a contract with DCF that included some promise to provide "support" to her once the foster child was placed with her family. She then asserts that whatever state actors did breached either the contract or a duty of good faith and fair dealing. The complaint sets forth an outcome (damage caused by the child) while not describing any conduct breaching any contractual provision or obligation under a covenant of good faith and fair dealing. It is insufficient to state a claim.

*Summary*

All claims against State Defendants in their personal capacities and against Defendants Racine and Yacavone are dismissed. All claims against the State are dismissed except for the count 5 failure to warn claim.

ORDER

For the foregoing reasons, the State Defendants' motion to dismiss is *granted in part*.

Dated at Montpelier, Vermont this 4th day of August 2017.

_____
Mary Miles Teachout
Superior Judge

5